1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

9
10
11

ALIZA W.                                        )
                        Plaintiff,              )        Case No. CV 20-09189-JEM
12                                              )
13        v.                                    )        MEMORANDUM OPINION AND ORDER
                                                )        REVERSING DECISION OF THE
14   ANDREW M. SAUL,                            )        COMMISSIONER OF SOCIAL SECURITY
     Commissioner of Social Security,           )
15                                              )
                        Defendant.              )
16   _____)

17

## PROCEEDINGS

18

On October 7, 2020, Aliza W.[1] ("Plaintiff" or "Claimant") filed a complaint seeking review

19   of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's

20   applications for Social Security Disability Insurance benefits and Supplemental Security Income

21   benefits.  (Dkt. 1.)  The Commissioner filed an Answer on April 23, 2021.  (Dkt. 14.)  On July 2,

22   2021, the parties filed a Joint Stipulation ("JS").  (Dkt. 16.)  The matter is now ready for

23   decision.

24
Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this

25   Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record ("AR"),

26

27
   [1]  Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the
28   recommendation of the Committee on Court Administration and Case Management of the Judicial
     Conference of the United States.

the Court reverses the Commissioner's decision and remands this case for further proceedings in accordance with this Memorandum Opinion and Order and with law.

## BACKGROUND

Plaintiff is a 54 year-old female who applied for Social Security Disability Insurance benefits on October 24, 2016, and Supplemental Security Income benefits on November 29, 2016, alleging disability beginning July 1, 2015.  (AR 10.)  The ALJ determined that Plaintiff has not engaged in substantial gainful activity since July 1, 2015, the alleged onset date.  (AR 12.)

Plaintiff's claims were denied initially on August 18, 2017.  (AR 10.)  Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Robin Rosenbluth on August 23, 2019, in West Los Angeles, California.  (AR 10.)  Plaintiff appeared and testified at the hearing and was represented by counsel.  (AR 10.)  Vocational expert ("VE") Gregory S. Jones also appeared and testified at the hearing.  (AR 10.)

The ALJ issued an unfavorable decision on September 9, 2019.  (AR 10-21.)  The Appeals Council denied review on August 19, 2020.  (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises only the following disputed issue as ground for reversal and remand:

1.      Whether the ALJ's RFC assessment is supported by substantial evidence.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's decision is supported by substantial evidence and free of legal error.  Coleman v. Saul, 979 F.3d 751, 755 (9th Cir. 2020); Smolen v. Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance."  Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a

1 reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at

2 401 (internal quotation marks and citation omitted).

3       This Court must review the record as a whole and consider adverse as well as

4 supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where

5 evidence is susceptible to more than one rational interpretation, the ALJ's decision must be

6 upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

7 "However, a reviewing court must consider the entire record as a whole and may not affirm

8 simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882

9 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495

10 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

11

12       The Social Security Act defines disability as the "inability to engage in any substantial

13 gainful activity by reason of any medically determinable physical or mental impairment which

14 can be expected to result in death or . . . can be expected to last for a continuous period of not

15 less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-

16 step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520,

17 416.920.

18       The first step is to determine whether the claimant is presently engaging in substantial

19 gainful activity ("SGA"). Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is

20 engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482

21 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe

22 impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not

23 severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290.

24 Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment

25 listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If

26 the impairment meets or equals one of the listed impairments, the claimant is presumptively

27 disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment

28 prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45

1  (9th Cir. 2001).  Before making the step four determination, the ALJ first must determine the

2  claimant's residual functional capacity ("RFC").  20 C.F.R. § 416.920(e).  The RFC is "the most

3  [one] can still do despite [his or her] limitations" and represents an assessment "based on all

4  the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The RFC must consider

5  all of the claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e),

6  416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

7       If the claimant cannot perform his or her past relevant work or has no past relevant work,

8  the ALJ proceeds to the fifth step and must determine whether the impairment prevents the

9  claimant from performing any other substantial gainful activity.  Moore v. Apfel, 216 F.3d 864,

10  869 (9th Cir. 2000).  The claimant bears the burden of proving steps one through four,

11  consistent with the general rule that at all times the burden is on the claimant to establish his or

12  her entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established

13  by the claimant, the burden shifts to the Commissioner to show that the claimant may perform

14  other gainful activity.  Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support

15  a finding that a claimant is not disabled at step five, the Commissioner must provide evidence

16  demonstrating that other work exists in significant numbers in the national economy that the

17  claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R.

18  § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and

19  entitled to benefits.  Id.

**THE ALJ DECISION**

20

21       In this case, the ALJ determined at step one of the sequential process that Plaintiff has

22  not engaged in substantial gainful activity since July 1, 2015, the alleged onset date.[2]  (AR 12-

23  13.)

24

25

26
    _____

27       [2] Curiously, the ALJ also states that Plaintiff had SGA work activity from July 2015 through
    July 2018 and was not disabled based on earnings for that time period.  (AR 12-13.)  Plaintiff
    sought to amend the onset date to July 1, 2018, but the ALJ did not accept the amendment.  (AR
28  10, 30.)  The ALJ did not explain why.

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: degenerative disc disease of the lumbar, cervical, and thoracic spine, and anxiety.  (AR 13.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  (AR 13-14.)

The ALJ then found that Plaintiff has the RFC to perform light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b) except with the ability to stand/walk 2 hours in an 8 hour workday; perform no more than occasional postural activity; frequently push and pull; and be limited to semi-skilled, non-complex work.  (AR 14-21.)  In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely consistent" with the medical evidence and other evidence of record.  (AR 15.)  Plaintiff does not challenge this finding.

At step four, the ALJ found that Plaintiff is able to perform her past relevant work as a mender.  (AR 21.)

Consequently, the ALJ found that Claimant has not been under a disability within the meaning of the Social Security Act from the alleged onset date of July 1, 2015 through the date of decision on September 9, 2019.  (AR 21.)

**DISCUSSION**

The ALJ decision must be reversed.  The ALJ's RFC is not supported by substantial evidence or free from legal error.  In addition, the record is insufficient to establish disability. The matter must be remanded for further proceedings.

**I.      THE ALJ'S RFC IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE**

The ALJ assessed Plaintiff with an RFC for light work except with the ability to stand/walk two hours in an eight hour workday, perform no more than occasional postural activity, frequently push and pull, and be limited to semi-skilled, non-complex work.  (AR 14.) The ALJ rejected the treating source opinions of Dr. Shirazi and Dr. Ganjianpour (AR 19) but did not offer or cite to any medical opinion in the record supporting her RFC for Plaintiff.  The

1 ALJ apparently did not retain a consulting expert or medical expert. The ALJ did not explain

2 how she derived the RFC on which she based her hypothetical question to the VE. (AR 62.)

3      An ALJ's RFC is not a medical determination but an administrative finding or legal

4 decision reserved to the Commissioner based on consideration of all the relevant evidence,

5 including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20

6 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence

7 in the record, including medical records, lay evidence, and the effects of symptoms, including

8 pain reasonably attributable to the medical condition. Robbins, 466 F.3d at 883.

9      An ALJ must have a medical opinion to support his or her RFC. See de Gutierrez v.

10 Saul, 2020 WL 5701019, at *6 (E.D. Cal. Sep. 24, 2020) ("Without a medical opinion to support

11 the conclusion that Plaintiff was able to perform medium work and could lift and carry fifty

12 pounds occasionally and twenty-five pounds frequently, stand and/or work for eight hours in an

13 eight-hour workday, sit for eight hours in an eight-hour workday, and was limited to simple

14 routine tasks, the ALJ's RFC lacks the support of substantial evidence."); Perez v. Sec'y of

15 Health & Human Servs., 958 F.2d 445, 446 (1st Cir. 1991) ("where an ALJ reaches conclusions

16 about claimant's physical exertional capacity without any assessment of residual functional

17 capacity by a physician, the ALJ's conclusions are not supported by substantial evidence"),

18 Goolsby v. Berryhill, 2017 WL 1090162, at *8 (E.D. Cal. Mar. 22, 2017) (ALJ erred in including

19 "simple routine tasks" in RFC when the medical record did not contain medical opinions

20 supporting this limitation). There are no medical opinions supporting the physical limitations

21 included in the ALJ's RFC for Plaintiff.

22      The Commissioner asserts that the regulations authorize the ALJ with making findings

23 about what the objective medical evidence shows. See, e.g., 20 C.F.R. § 404.1520(c). Indeed,

24 the ALJ is "the final arbiter with respect to resolving ambiguities in the medical evidence."

25 Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008). These authorities, however, are

26 not inconsistent with the requirement of a medical opinion to support RFC limitations. Here,

27 there is no contradicting medical opinion and no medical opinion assessing a light work RFC.

28 The ALJ is "simply not qualified to interpret raw medical data in functional terms." Nguyen v.

6

1  Chater, 172 F.3d 31, 35 (1st Cir. 1999); Padilla v. Astrue, 541 F. Supp. 2d 1102, 1106 (C.D.

2  Cal. 2008) (ALJ not qualified to extrapolate functional limitations from raw medical data).

3        The ALJ's RFC is not supported by substantial evidence.

4  **II.      THE RECORD IS INSUFFICIENT TO ESTABLISH DISABILITY**

5        Now the Court must address whether the two uncontradicted treating physician opinions

6  establish disability.  They do not.

7        In March 2019, Dr. Ramin Ganjianpour provided a lumbar spine medical source

8  statement opining that Plaintiff would be able to lift and carry 10 pounds rarely and less than 10

9  pounds occasionally; sit/stand/walk less than 2 hours in an eight hour workday; alternate

10  between sitting and standing and walking at will; walk 10 minutes every 30 minutes; rarely twist

11  or crouch/squat; never stoop, climb stairs; and miss more than four days of work a month.  (AR

12  19, 401-404.)  The VE indicated there would be no jobs available if a person were to miss work

13  four days a month.  (AR 64.)

14        Also, in March 2019, Dr. Keyran Shirazi provided a lumbar spine medical source

15  statement that Plaintiff could lift and carry less than 10 pounds occasionally, stand/walk/sit less

16  than 2 hours in an 8 hour workday; walk less than 1 block without severe pain; walk 5 minutes

17  every 5 minutes; take unscheduled breaks every 5 minutes; and miss more than four days of

18  work a month.  (AR 19, 406-409.)  As already stated, there would be no jobs available.

19        These uncontradicted RFC opinions if accepted would be work-preclusive.  The ALJ,

20  however, found that the opinions "are not consistent with the clinical record, which does not

21  support such extreme limitations in standing, walking, sitting, lifting, carrying, or postural

22  activities, or the Claimant's reported ability to perform daily activities."  (AR 19.)  An ALJ may

23  disregard a treating physician's opinion, whether or not contradicted.  Batson v. Comm'r of Soc.

24  Sec., 359 F.3d 1190, 1195 (9th Cir. 2004).  An ALJ may reject a treating physician's opinion

25  that does not have supportive evidence, is unsupported by the record as a whole, and is

26  unsupported by or inconsistent with his treatment notes.  Id. at 1195 & n.3.

27        The ALJ found that the medical evidence of record does not support the limitations

28  assessed by Plaintiff's doctors.  (AR 19.)  Plaintiff did not make any mention of back pain in her

1 | initial disability application in 2015, only anxiety.  (AR 15, 20.)  Her 2016 physical examinations
2 | were unremarkable with normal range of motion in all joints; she denied musculoskeletal
3 | issues; and she was "asymptomatic with medications."  (AR 15, 23, 325, 327, 331.)  She did
4 | not see Dr. Shirazi again until June 2018; again she denied musculoskeletal issues and was
5 | "asymptomatic with medications."  (AR 17, 440.)  She had no difficulty with gait, balance, and
6 | coordination.  (AR 440.)  An August 30, 2018 follow-up note denied difficulty with gait, balance,
7 | coordination, joint pain, weakness, or other musculoskeletal issues.  (AR 17, 435.)  In October
8 | 2018, Plaintiff alleged low back pain without radiation or lower extremity weakness, numbness,
9 | or tingling.  (AR 17, 432.)  Plaintiff demonstrated tenderness to palpation in the lumbar and
10 | sacral region with limited range of motion with pain, but range of motion in all other joints was
11 | normal and straight leg raising was negative.  (AR 17, 432.)  A December 2018 MRI of the
12 | lumbar spine ordered by Dr. Ganjianpour indicated mild to severe foraminal narrowing and
13 | stenosis.  (AR 17-18.)

14 | In January 2019, Plaintiff reported that the only activities affected by her "moderate"
15 | back pain were bending and lifting.  (AR 18, 397-399, 389-390.)  She exhibited myofascial
16 | tenderness, straight leg raise was positive on the right, and she had a mildly antalgic gait.  (Id.)
17 | The rest of the exam was unremarkable, straight leg raise on the left was negative, and there
18 | were no gross motor or sensory deficits of the lower extremities.  (Id.)  A social assessment
19 | indicated normal outside activities.  (Id.)  Plaintiff did receive epidural injections for her lumbar
20 | spine in January 2019.  (AR 18, 393-394.)  In June 2019, Plaintiff denied musculosketal issues
21 | except low back pain and was advised to avoid heavy lifting.  (AR 19, 419-420.)  In July 2019,
22 | MRIs of the thoracic, lumbar, and cervical spine showed mild to severe foraminal narrowing
23 | and stenosis.[3]  (AR 19-20.)

24 |
25 |

26 |     [3]  Plaintiff cites a series of MRIs from 2011 to 2019 that indicate mild to severe foraminal
27 | narrowing and stenosis of the lumbar, thoracic, and cervical spine.  (JS 4-7.)  Mere diagnosis of
an impairment, however, is insufficient proof of disability; a claimant must prove an impairment's
28 | disabling severity.  Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993).

1    The ALJ also found that the treating source opinions were not consistent with Plaintiff's

2  reported ability to perform daily activities independently.  (AR 17, 19.)  An ALJ may reject a

3  physician's opinion that is contradicted by a claimant's own admitted or observed abilities.

4   Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).  Here, notwithstanding the MRI

5  findings, Plaintiff testified she spends her days taking care of her daughters, one of whom has

6  special needs.  (AR 19.)  She cooks, cleans dishes, goes grocery shopping, does laundry,

7  performs chores, and drives her daughter to and from appointments up to two hours a day.

8  (AR 19, 13.)  Plaintiff acknowledged that she did not work due to reasons not related to her

9  physical issues — she needed to care for her daughter.  (AR 15.)  She admitted at the hearing

10  that her inability to work had nothing to do with her back.  (AR 15.)  Indeed, Plaintiff worked at

11  SGA levels from 2015 to June 2018 and was not disabled based on earnings.  (AR 12.)

12  Plaintiff did not address her daily activities in the Joint Stipulation.

13    Plaintiff disagrees with the ALJ's evaluation of the medical evidence, but it is the ALJ's

14  responsibility to resolve conflicts in the medical evidence and ambiguities in the record.

15  Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).  Where the ALJ's interpretation of the

16  record is reasonable, as it is here, it should not be second-guessed.  Rollins v. Massanari, 261

17  F.3d 853, 857 (9th Cir. 2001); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002) ("Where

18  the evidence is susceptible to more than one rational interpretation, one of which supports the

19  ALJ's decision, the ALJ's conclusion must be upheld.").

20    Whether the legal standard is clear and convincing reasons, good reasons or the

21  Revisions to Rules Regarding the Evaluation of Medical Evidence, the ALJ's rejection of the

22  treating source opinions of Dr. Ganjianpour and Dr. Shirazi is supported by substantial

23  evidence.

24  ///

25  ///

26  ///

27  ///

28  ///

9

1

**ORDER**

2        IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the

3   Commissioner of Social Security and remanding this case for further proceedings in

4   accordance with this Memorandum Opinion and Order and with law.

5

6   DATED: July 28, 2021                              */s/ John E. McDermott*
                                                      JOHN E. MCDERMOTT
7                                                     UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28